## DILGER v. GRIFFITH.

Assignments of error not referred to in appellant's brief will be disregarded on appeal.

Since a statement in defendant's motion for a directed verdict in an action for commissions, that the evidence does not show that plaintiff found a purchaser willing and able to purchase, was not sufficient to call the court's attention to any variation as to the terms of payment between the instructions given plaintiff and the terms agreed upon with the prospective purchaser, that question will not be considered on appeal.

In an action for commissions for procuring a purchaser for land, evidence held to show plaintiff's agency.

In an action for commissions under a contract to procure a purchaser, any error in an instruction in assuming that plaintiff was agent to sell the land, when he only had authority to find a purchaser on defendant's terms, was not prejudical to defendant; the instructions as a whole clearly stating that plaintiff was entitled to recover if he found a purchaser, ready, willing, and able to purchase on the terms fixed by defendant.

(Opinion filed November 16, 1910.)

Appeal from Circuit Court, Pennington County. Hon. Levi McGee, Judge.

Action by John E. Dilger against John Griffith. From a judgment for plaintiff and an order denying a motion for new trial, defendant appeals. Affirmed.

*Wood & Edwards,* for appellant. *Buell & Gardner,* for respondent.

WHITING, P. J. This action was brought by the plaintiff to recover of defendant the sum of $1,100, which he claimed to be due him from defendant. Plaintiff claimed he entered into a contract with defendant under and by virtue of which defendant listed with him, to find a purchaser, 800 acres of land in Pennington county, S. D.; that afterwards he found a purchaser for said lands ready, able, and willing to purchase the same in accordance with the terms fixed by the defendant; and that under the terms of said contract he was entitled to said $1,100. The cause was tried to the court with a jury, and verdict and judgment having been entered therein in favor of plaintiff, and a new trial having been denied, the defendant appealed to this court from said judgment and order denying a new trial.

Numerous assignments of error are saved in the record herein; but a large part thereof are in no manner discussed in appellant's brief, and the same will, under the rule frequently announced by this court, be disregarded.

Appellant, in his brief, contends that the evidence was not sufficient to support the verdict, and that, for that reason, defendant's motion made at the close of all the evidence (in which said motion the appellant asked for an instructed verdict) should have been sustained. Appellant, in his discussion, calls attention to numerous points wherein he contends that the evidence fails to show that the alleged purchaser was ready, able, and willing to purchase the property upon the terms fixed by the appellant; and appellant claims that the evidence clearly shows the terms entered into by respondent with such alleged purchaser varied materially from the terms fixed by appellant. A serious question would be presented under the evidence herein providing the record was in condition to require our determination of the same. In appellant's brief there is no reference whatever to any assignment as to insufficiency of the evidence, which assignment it is claimed presented to the trial court for determination the question now raised; the only claim of appellant being that the following words (found in a long paragraph stating appellant's grounds of motion for directed verdict) are sufficient to present the error now claimed, to-wit: "That the evidence does not disclose nor establish the fact that plaintiff found a purchaser who was willing and able to pay any price for the land." Inasmuch as the evidence showed beyond dispute that a purchaser was found, who entered into a written contract to pay, half in cash and half by secured notes, more than the price which the jury must have found appellant agreed to sell the land for, it will readily be seen that there was nothing to support this part of the motion for directed verdict; and it·needs no argument to show that such statement made to the trial court was insufficient to call such court's attention to any variation as to the terms of payment between the instructions given respondent by appellant and the terms agreed upon by re·-spondent with the prospective purchaser.

Appellant next contends that the evidence in this case does not establish the relation of principal and agent, between the parties herein. The respondent testified to the listing of this land with him for sale; to the fixing of a certain price per acre if sale was made prior or on a certain date, and he to have, as his commission, all that he obtained above the price fixed, together with certain hay then stacked upon said premises; to his taking parties to examine said land; and to his entering into a contract for sale of same. This evidence, so far as it relates to the agreement with the appellant, was corroborated in part by a party who claimed to have been present during part of the time such agreement was being negotiated. Appellant himself concedes that a conversation took place in which there was talk relating to the sale of this land; he testifying that at first he supposed the respondent desired to purchase the land, and that, when he found respondent did not wish to purchase, he then fixed a price on said land at which it could be sold if sold prior to a certain date, and another price at which respondent might sell it after that date. Among other things, the appellant testified in relation to said conversation: "I had told Dilger down there that I had listed this land, and whoever sold it first was the man that made the deal, and if he sold it before somebody else it was his deal." At another place he testified: "Dilger said he thought he had some buyers that would probably be interested in the property, and I told him I would be glad to see him make a sale, and I told him when we got to talking about the $12.50 per acre to March 1st, that $15 per acre would prevail after that date, and I told him I would allow him a dollar an acre commission at $15 per acre. Nothing was said about commission at the $12.50 per acre net cash until March 1st. That was net cash to me, and he was to get above that price whatever price he could get, and the $12.50 per acre was for that day only." The evidence clearly established the agency of respondent.

Appellant complains of certain instructions given the jury, and alleges: "The particular vice of these instructions is that the court assumed that the evidence established a contract between .

plaintiff and defendant, whereby the plaintiff was made the special agent of the defendant to find a purchaser for his land." While there may be parts of said instructions which seemed to assume that respondent was the agent of appellant, there was no assumption of "special" agency, whatever may be intended by the word "special"; and, under the undisputed evidence in the case, the court was fully justified in assuming that there was a contract of agency, the one question in dispute in relation thereto being the terms under which the agent might make sale and the time such terms would be recognized. Appellant complains of one instruction wherein the court inadvertently used in one place the phrase "$12 per acre," where it should have used "$12.50 per acre." It is quite apparent that, through inadvertence, the court did use the wrong phrase; but it is apparent that it could not have been, and was not, in any manner misleading, and was not prejudicial to the appellant. Appellant contends that the instructions were erroneous in assuming that the respondent was an agent to sell this land, when, it is claimed, the evidence at best merely showed authority in him to find a purchaser on the terms fixed by the appellant. Conceding that the respondent had no authority to enter into a contract of sale binding upon the appellant, yet such assumption could not have been detrimental to appellant; but the instructions were clear to the effect that respondent was entitled to recover if he found a purchaser ready, able, and willing to make a purchase on the terms fixed, and there was nothing in the instructions liable to mislead the jury. We are unable to find any question raised by the brief and supported by a proper assignment that presents to us a reversible error.

The judgment and order denying new trial are therefore affirmed.